IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAKESH JOSHI, et al., | No. CIV S-11-0083-LKK-CMK |
| Plaintiffs, | |
| vs. | AMENDED ORDER[1] |
| ROCKY BLUFFS PROPERTY OWNERS' ASSOCIATION, | |
| Defendant. | |

Plaintiffs, who are proceeding with retained counsel, bring this civil action. Pending before the court is defendant's ex parte application for an order quashing a deposition subpoena commanding the attendance of non-party witness Warner at his deposition on February 24, 2012.

Federal Rule of Civil Procedure 30(b)(1) requires that all parties be provided "reasonable notice" when a party wants to depose a person by oral questions. Under Federal Rule of Civil Procedure 45(c)(3)(A)(i), the court may quash a subpoena where it ". . .fails to

---

[1] The original order is amended to correct an error in the recitation of facts. See Fed. R. Civ. P. 60(a).

1

allow a reasonable time to comply." The court finds that such is the obvious case here. On February 13, 2012, plaintiffs' counsel served a deposition notice for Mr. Warner's appearance at his deposition on February 24, 2012. The notice was served by mail. Federal Rule of Civil Procedure 6(d) specifies that, when a party must act within a particular time after service, and service is made by mail, ". . .3 days are added after the period would otherwise expire under Rule 6(a)."[2] This rule codifies the familiar rule of practice that documents should be served a few days sooner where service is made by mail than where service is made personally.

Applying this principle, plaintiffs' deposition notice was effectively served on February 16, 2012 (the date of actual service on February 13, 2012, plus three days to account for service by mail). This only provided defendant's counsel eight days notice, which the court finds is an unreasonably short period of time to comply with the subpoena, in violation of Rule 30(b)(1). This finding is compounded given that some of this notice period was consumed by a three-day holiday weekend from February 17th through the 20th.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to quash (Doc. 37) the February 13, 2012, deposition subpoena for Mr. Warner's attendance at a February 24, 2012, deposition is granted and the subpoena is quashed.

DATED: February 22, 2012

_Craig M. Kellison_
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2] In this case, defendant's counsel is required to act – appear with Mr. Warner at his deposition – by the date specified in the deposition notice. While action is not required within a particular time frame, the reasonableness of the notice provided to counsel must be assessed with Rule 6(d) in mind.