**KAUFMAN DOLOWICH VOLUCK & GONZO LLP**
KATHERINE S. CATLOS, ESQ. SBN 184227
kcatlos@kdvglaw.com
GABRIEL N. RUBIN, ESQ. SBN 241659
grubin@kdvglaw.com
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone:  (415) 402-0059
Facsimile:   (415) 402-0679

Attorneys for Defendant
ROCKY BLUFFS PROPERTY
OWNERS' ASSOCIATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RAKESH JOSHI, an individual;<br>PRANIKA JOSHI, an individual;<br><br>              Plaintiffs,<br><br>     vs.<br><br>ROCKY BLUFFS PROPERTY OWNERS' ASSOCIATION, a California corporation, and DOES 1 through 25,<br><br>              Defendants. | Case No.: 2:11-CV-00083-LKK-CMK<br><br>ACTION FILED:  January 10, 2011<br><br>**ORDER DENYING DEFENDANT ROCKY BLUFFS PROPERTY OWNERS' ASSOCIATION'S RULE 35 MOTION FOR MENTAL EXAMINATIONS OF DEFENDANTS RAKESH JOSHI AND PRANIKA JOSHI**<br><br>TRIAL DATE: February 5, 2013<br><br>Hearing Date: May 7, 2012<br>Time:             10:00 a.m.<br>Judge:            Hon. Lawrence K. Carlton |

Having considered Defendant's Rule 35 Motion for Mental Examinations of Defendants Rakesh Joshi and Pranika Joshi (Plaintiffs) and having determined that oral argument is not necessary, the court will deny the motion.

This is a discovery motion that should have been brought in a timely manner before the Magistrate Judge, as specifically provided for in the Status (Pretrial Scheduling) Order:

> Motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions will be heard not later than April 16, 2012.

Dkt. No. 24.  Defendant has not shown good cause to late-file the motion.  Defendant asserts that it "could not anticipate" that plaintiff's mental condition was at issue.  But plaintiff's lawsuit is one for "intentional infliction of emotional distress," and for "negligent infliction of emotional distress," among other things.  Dkt. No. 1.  Defendant does not explain why, in light of the clear language of the complaint, it did not anticipate at the inception of this lawsuit "that it would need to expend the time, money and resources to seek a mental examination" (Defendant's Motion at p.6).  See Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964) ("[a] plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury").

For the foregoing reasons, defendant's motion is **DENIED**.

Dated:   April 26, 2012

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT